[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, William D. Boyles, appeals the judgment of the Hamilton County Court of Common Pleas revoking his community control and sentencing him to a term of incarceration. For the following reasons, we affirm the trial court's judgment.
Boyles entered a guilty plea to one count of domestic violence, which, because of a prior conviction for the offense, was a felony of the fifth degree. On March 1, 2000, the trial court placed him on five years' community control.
On March 23, 2000, Boyles's community-control officer informed the court that Boyles had failed to report as required. After a hearing was conducted on April 18, 2000, the trial court revoked Boyles's community control and sentenced him to twelve months' incarceration, the maximum term for a felony of the fifth degree.
In a single assignment of error, Boyles argues that the trial court erred in revoking his community control and in imposing the maximum term of imprisonment. Boyles first argues that the revocation was improper, because he did not fully comprehend the rules of community control due to his mental illness. We are not persuaded. The transcript of the revocation hearing reflects that Boyles's counsel raised the issue of his mental illness and specifically questioned the community-control officer about Boyles's understanding of the need to report. The officer responded that he was aware of Boyles's illness and had clearly explained the reporting requirement. The officer further testified that Boyles appeared to understand the rules of community control and had nonetheless failed to report on three separate occasions. Although Boyles testified that he was confused about his need to report, the trial court was presented with ample evidence that Boyles had knowingly violated the rules of community control. We therefore find no error in the revocation.
Boyles next argues that the trial court erred in imposing the maximum sentence. R.C. 2929.15(B), governing a trial court's sentencing options when a defendant violates the conditions of a community-control sanction, provides that the court may impose a longer term of community control, impose a more restrictive sanction, or "impose a prison term on the offender pursuant to section 2929.14 of the Revised Code." To impose the maximum term under R.C. 2929.14(C), the court must find on the record that at Cleast one of the enumerated statutory factors is applicable.[1]
In the case at bar, we find no error in the court's imposition of the maximum sentence. The trial court found, pursuant to R.C. 2929.14(C), that Boyles posed the greatest likelihood of committing future crimes.[2]
We hold that such a finding was proper. As the trial court noted, Boyles had been convicted of numerous offenses as an adult and had been adjudicated delinquent many times as a juvenile. These circumstances, along with Boyles's failure to adhere to the rules of community control, supported the trial court's statutory finding and its imposition of the maximum term of incarceration. The sole assignment of error is accordingly overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 _______________________ Hildebrandt, P.J.,
Doan and Winkler, JJ.
[1] See State v. Edmonson (1999), 86 Ohio St.3d 324, 328, 715 N.E.2d 131,135. Here, the trial court was not required to make findings supporting its imposition of greater than the minimum sentence pursuant to R.C.2929.14(B), in light of its finding with respect to the maximum sentence. See State v. Jackson (Aug. 20, 1999), Hamilton App. No. C-980512, unreported. Also, the court was not required to make specific findings under R.C. 2929.13(B) for imposing a prison term for a fifth-degree felony, because Boyles had violated the terms of community control. See R.C. 2929.15(B).
[2] Although the trial court did not quote the language of R.C.2929.14(C) regarding the likelihood of recidivism, its finding in this respect is unequivocally stated on the record.